IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| 7X CATTLE CO. LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> DANIEL BRANDSTADT, 3C FARMS, § <br> LLC, and PINEHURST PARTNERS I, § <br> LLC, § <br> § <br> *Defendants.* § | CASE NO. 6:22-CV-00396-JDK-KNM |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a motion to dismiss Defendant Daniel Brandstadt's counterclaims (Doc. No. 69) filed by Plaintiff/Counter-Defendant 7X Cattle Company, LLC. Defendant/Counter-Plaintiff Brandstadt has filed a response (Doc. No. 76), and 7X has filed a reply brief (Doc. No. 78). Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** 7X's motion to dismiss (Doc. No. 69) be **GRANTED** and Brandstadt's counterclaims be **DISMISSED WITHOUT PREJUDICE**. The Court further **RECOMMENDS DENYING** Brandstadt's request to dismiss 7X's amended complaint for failure to comply with Local Rules.

### BACKGROUND

Brandstadt is 7X Cattle Company's former employee.[1] 7X alleges that both Brandstadt and co-defendant Pinehurst Partners I, LLC "spent years enriching themselves and acting for their own interests using 7X's property, resources, money, and employees."[2] 7X brings claims against

---

[1] Doc. No. 36 at ¶ 1.
[2] *Id.*

Brandstadt, Pinehurst, and 3C Farms, LLC for breach of fiduciary duty, conversion, violations of the Texas Theft Liability Act, and interference with contract and employment relations.[3]

Brandstadt, proceeding pro se, filed an answer to 7X's first amended complaint on September 21, 2023.[4] Brandstadt's answer is not styled as a counterclaim. However, it states that Brandstadt "has the following claims against Plaintiff which has caused injury and damages."[5] The Court construes this portion of Brandstadt's answer as an attempt to bring counterclaims against 7X.

On October 10, 2023, 7X filed a motion to dismiss Brandstadt's counterclaims, arguing that Brandstadt fails to sufficiently plead claims under Federal Rules of Civil Procedure 12(b)(6).[6]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief, which includes a counterclaim, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A party's counterclaims must set forth plausible, not merely possible, claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Under Rule 12(b)(6), a party can move for the dismissal of asserted claims for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the

---

[3] *Id.*
[4] Doc. No. 61.
[5] Doc. No. 69 at 2.
[6] Doc. No. 69.

plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). But the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Courts must construe the pleadings of pro se litigants liberally. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). However, "such a liberal construction does not require that the Court or a defendant create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). Even with pro se litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

## DISCUSSION

Even under the most liberal construction, Brandstadt's purported counterclaims fail to state a claim upon which relief can be granted. Brandstadt does not set out a "short and plaint statement" showing that he is entitled to relief. The factual allegations of Brandstadt's counterclaim, quoted in their entirety, are as follows:

> Defendant has the following claims against Plaintiff which has caused injury and damages. Plaintiff set out with a false narrative packed with lies and buttressed by inaccuracies, which narrative has been proven NOT true. Plaintiff has accused and broadcasted against Brandstadt which caused the damage to Brandstadt's family's life and reputation as unrepairable.[7]

Liberally construed, Brandstadt appears to be asserting a claim against 7X for defamation. The elements of a prima facie case for defamation are: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth

---

[7] *Id.*

3

of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). Brandstadt does not make sufficient factual allegations for each element of a defamation claim.

Additionally, Brandstadt's answer states that "Brandstadt also seeks $7.7 million to partially compensate for the extreme abuse and hostile work environment Brandstadt had to endure . . . ."[8] In the event that Brandstadt intended to also plead a claim for hostile work environment, this claim should be dismissed. Brandstadt does not plead factual content that gives rise to a hostile work environment claim.

Lastly, Brandstadt's answer also contains a request for $12.3 million for "what his value and worth became based on [his] own performance and capabilities."[9] Brandstadt does not assert any facts to show the basis for those damages, and the Court cannot discern which specific cause of action the request for $12.3 million in damage is tied to.

## LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998); *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008). "Generally, . . . a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Brandstadt's response contains numerous pages of what Brandstadt calls "facts, Exhibits, and background" that were not alleged in his original pleading.[10] For example, Brandstadt alleges

---

[8] Doc. No. 61 at 2.
[9] Doc. No. 61 at 2.
[10] Doc. No. 76 at 1.

that "7X sent out letters well before filing suit to many of Brandstadt's acquaintances." Although this allegation (along with other "facts, Exhibits, and background" in Brandstadt's response) could *potentially* be relevant to Brandstadt's counterclaims, the original pleading's deficiency cannot be supplemented by Brandstadt's response. This is because "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Baker Hughes Sec. Litig.*, 136 F. Supp. 2d 630, 646 (S.D. Tex. 2001).

Although Brandstadt's response cannot amend his original pleading, it does give indication the Brandstadt has not plead his best case. For this reason, (and considering Brandstadt's pro se status) the Court recommends dismissing Brandstadt's counterclaims without prejudice and granting Brandstadt leave to amend.

## DISMISSAL OF THE AMENDED COMPLAINT

Brandstadt's answer also argues that the court should dismiss 7X's amended complaint for failure to comply with Local Rule CV-7(k).[11] Pursuant to the United States District Court for the Eastern District of Texas Local Rules ("Local Rules"), a party moving "for leave to file a document should [file the motion] separately and immediately before the document for which leave is sought." LOCAL RULE CV-7(k).

7X did not file its motion for leave to file an amended complaint "separately and immediately before" its amended complaint. Instead, 7X attached the amended complaint as an exhibit to 7X's motion for leave to file an amended complaint.[12] In an apparent attempt to comply with Local Rule CV-7(k), 7X also filed the amended complaint as a separate docket entry the day after filing the motion for leave to file the amended complaint.[13] The Court granted 7X leave to

---

[11] Doc. No. 61 at 1.
[12] Doc. No. 35-1.
[13] Doc. No. 35-1; Doc. No. 36.

amend the complaint on June 23, 2023.[14] Brandstadt's request to dismiss the amended complaint for failure to follow Local Rules long after leave to amend was granted should therefore be **DENIED**.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that 7X's Motion to Dismiss (Doc. No. 69) be **GRANTED** and that Brandstadt's counterclaims be **DISMISSED** without prejudice. The Court recommends **GRANTING LEAVE** to Brandstadt to file amended counterclaims. The Court further **RECOMMENDS DENYING** Brandstadt's request to dismiss 7X's amended complaint for failure to comply with Local Rules.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.

---

[14] Doc. No. 44.

*See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 1st day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE