IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| 7X CATTLE CO. LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 6:22-CV-00396-JDK-KNM |
| DANIEL BRANDSTADT, 3C FARMS, LLC, and PINEHURST PARTNERS I, LLC, | § § § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Motion filed by Defendant/Counter-Plaintiff Daniel Brandstadt entitled "Motion Pleading for Judgment Against Plaintiff 7X for Ongoing Slander, Lies and Acusations [sic] Against Brandstadt." Doc. No. 110. Plaintiff/Counter-Defendant 7X Cattle Company, LLC has filed a response (Doc. No. 117) and Brandstadt has filed a reply (Doc. No. 118). Brandstadt is proceeding *pro se*. Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** Brandstadt's motion (Doc. No. 110) be **DENIED**.

### BACKGROUND

Brandstadt is 7X Cattle Company's former employee. Doc. No. 87 at ¶ 1. 7X alleges that during Brandstadt's last year of employment, co-defendant Pinehurst Partners paid Brandstadt to concurrently manage Pinehurst's ranch. Doc. No. 87 at ¶ 1. 7X states that this caused Brandstadt to neglect his job duties at 7X and that 7X's ranch operations materially suffered as a result. Doc. No. 87 at ¶ 1. Pinehurst allegedly paid Brandstadt through Brandstadt's LLC, 3C Farms. Doc. No. 87 at ¶ 1.

7X brings claims against Brandstadt, Pinehurst, and 3C Farms for breach of fiduciary duty, knowing participation in the breach of fiduciary duty, conversion, violations of the Texas Theft Liability Act, and interference with contract and employment relations. Doc. No. 87 at ¶ 2. Brandstadt counterclaims, bringing claims labeled as: (1) defamation of character; (2) tortious interference; (3) hostile work environment/wrongful termination; (4) and emotional distress. Doc. No. 101.

## PROCEDURAL BACKGROUND

7X filed its Second Amended Complaint on March 29, 2024. Doc. No. 87. Brandstadt filed his Answer and Second Amended Counterclaims on April 19, 2024. Doc. No. 101. On May 10, 2024, 7X filed a motion to dismiss Brandstadt's Second Amended Counterclaims, arguing that Brandstadt fails to sufficiently plead claims under Federal Rules of Civil Procedure 12(b)(6). Doc. No. 109. The same day that 7X filed its Motion to Dismiss, Brandstadt filed the Motion currently before the Court. Doc. No. 110. It is entitled "Motion Pleading for Judgment Against Plaintiff 7X for Ongoing Slander, Lies, and Acusations [sic] Against Brandstadt." Doc. No. 110.

In the Motion, Brandstadt requests that the Court "enter judgment against Plaintiff 7X Cattle Company . . . concerning the following ongoing slander, false accusations, lies and destruction of Defendant Brandstadt." Doc. 110 at 1. Brandstadt goes on to accuse 7X of posting a YouTube video that is "packed with lies, false accusations, slander [and] many horrific, obscene, hatful [sic] pictures, clips and claims." Doc. 110 at 1. He requests that the Court "execute Judgment against 7X requiring them to clear his name, clear his name from the internet. Clear his name from

social media. Quickly clear his entire family's name and, all that have been accused of evil in relation to this lawsuit and this YouTube Video." Doc. 110 at 2.

## ANALYSIS

"A document filed *pro se* is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Haase v. Countrywide Home Loans Inc.,* 748 F.3d 624, 629 (5th Cir.2014) ("[W]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than parties represented by counsel."). *Pro se* litigants, however, must still adhere to the Federal Rules of Civil Procedure and make some legal argument. *Hawbecker v. Hall*, 88 F.Supp.3d 723, 726 (W.D. Tex. Feb. 19, 2015).

The Court is unsure of precisely how to construe this "Motion Pleading for Judgment." 7X, in its Response, asks the Court to construe the Motion as a motion for judgment on the pleadings. Doc. 117 at 1. On the other hand, the Clerk's office docketed the Motion as a motion for judgment as a matter of law, and Brandstadt referred to it as a motion for judgment as a matter of law in his Reply brief. Doc. 118 at 1. The Motion could also be Brandstadt's attempt to amend his counterclaims to add accusations regarding the YouTube video. The Court will consider all three possibilities below.

### A. Motion for Judgment as a Matter of Law

As stated above, Brandstadt's motion is entitled "Motion Pleading for Judgment Against Plaintiff 7X for Ongoing Slander, Lies and Acusations [sic] Against Brandstadt." The Clerk's office docketed Brandstadt's Motion as a motion for judgment as a matter of law, and Brandstadt referred to it as a motion for judgment as a matter of law in his Reply brief. Doc. 118 at 1. Judgment as a matter of law is an applicable remedy "after a party has been fully heard by the jury on a given

issue" and there is no evidentiary basis for a reasonable jury to find in favor of the nonmoving party. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) (citing *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997)); FED. R. CIV. P. 50(a). No jury has heard any evidence in this case. Consequently, Brandstadt's motion, if treated as a motion for judgment as a matter of law, should be denied.

### B. Motion for Judgment on the Pleadings

In its Response, 7X treats Brandstadt's Motion as a motion for judgment on the pleadings. Doc. 117 at 4. 7X argues that the Court should deny the Motion because it is irrelevant and untethered to any claim currently pled before the Court. Doc. 117 at 4. 7X states that, in the alternative, the Court may deny the Motion because it is untimely. Doc. 117 at 4.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion brought pursuant to FED. R. CIV. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted).

To the extent that Brandstadt seeks judgment on his previously asserted counterclaims pursuant to Rule 12(c), that request is untimely. Pleadings are closed for purposes of a motion under Rule 12(c) when a complaint and answer have been filed. *Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 436 (5th Cir. 2019); *see also Am. Const. Benefits Grp., LLC v. Zurich AM. Ins. Co.*, 2013 WL 1797942, at *3 n.3 (N.D. Tex. Apr. 29, 2013) (declining to reach the merits of a 12(c) motion because defendant "has not filed its answer and the pleadings are not closed"). 7X's Motion to Dismiss Brandstadt's Second Amended Counterclaims is still pending before this

Court. *See* Doc. 109. 7X has not yet filed an answer to Brandstadt's counterclaims. The pleadings are therefore not "closed" as required by Rule 12(c). Brandstadt's "Motion Pleading for Judgment," if construed as a Motion for Judgment on the Pleadings, should also be denied.

### C. Rule 15

Rule 15(d) of the Federal Rules of Civil Procedure provides that "[o]n motion and reasonable, notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d).

On April 19, 2024, Brandstadt filed his Second Amended Counterclaims which brought, among other causes of action, a defamation claim against 7X. Doc. 101 at 3. Brandstadt's "Motion Pleading for Judgment" and his Reply raise additional factual allegations that are absent from his Second Amended Counterclaims. Specifically, Brandstadt now alleges that 7X published a YouTube video containing "false accusations" about Brandstadt and his family. Doc. 110 at 1. He states that "[the] YouTube video models the exact hate speech, rhetoric and specific targets that caused the uncanny damages [he] seeks restitution for in his counterclaims." Doc. 118 at 2.

To the extent that Brandstadt wishes to amend his Second Amended Counterclaims to add allegations regarding a YouTube video, Rule 15 requires him to file a motion seeking leave of court to do so. The deadline to amend pleadings without leave of court expired on March 29, 2024. Doc. 71 at 2.

### CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Brandstadt's "Motion Pleading for Judgment Against Plaintiff 7X for Ongoing Slander, Lies and Acusations [sic] Against Brandstadt" (Doc. No. 110) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 13th day of June, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE