IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| 7X CATTLE CO. LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-396-JDK-KNM |
| DANIEL BRANDSTADT, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition pursuant to 28 U.S.C. § 636. Before the Court is Plaintiff 7X Cattle Company's motion to dismiss Defendant Daniel Brandstadt's counterclaims with prejudice. Docket No. 109. On July 22, 2024, the Magistrate Judge issued a Report recommending that the Court grant in part and deny in part Plaintiff's motion. Docket No. 142. Plaintiff timely filed objections. Docket No. 143. Defendant did not file objections.

Where a party timely objects to a Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Brandstadt brought the following counterclaims against Plaintiff 7X: (1) defamation of character; (2) tortious interference; (3) hostile work environment/wrongful termination; and (4) emotional distress. Docket No. 101. The Magistrate Judge recommended dismissing all the counterclaims except the claim for "emotional distress," which the Magistrate Judge construed as a claim for intentional infliction of emotional distress ("IIED"). Docket No. 142 at 12. The Magistrate Judge found that Brandstadt sufficiently pleaded that claim under Rule 12(b)(6). *Id.* at 9–12. Plaintiff 7X objects only to the recommendation to allow the IIED claim. Docket No. 143 at 2.

In Texas, the elements of an IIED claim are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme or outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the plaintiff's emotional distress was severe. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). 7X first objects to the Magistrate Judge's finding that Brandstadt's allegations regarding the conduct of his supervisor, Gilbert Pepin, satisfy the "extreme and outrageous" conduct element of an IIED claim. Docket No. 143 at 4. Brandstadt described Pepin as "having angry fits, throwing things, cussing, demeaning employees, [and] in essence treating them as trash." Docket No. 101 ¶ 3. Brandstadt also alleged that Pepin "[cut] off Brandstadt's utilities to the house where he and his family resided with their animals, attempting to euthanize

or run Brandstadt away." *Id.* ¶ 4.  7X argues that the Magistrate Judge improperly considered these allegations because they were included in a paragraph labeled "hostile work environment, wrongful termination," rather than the paragraph labeled "emotional distress." Docket No. 143 at 5.

But Brandstadt is representing himself pro se, and courts generally do not hold pro se litigants to procedural strictures that penalize them "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court has a "duty to construe pro se [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). Here, Brandstadt referenced "outrageous misconduct in the workplace" in the paragraph titled "emotional distress." Docket No. 101 ¶ 4. Given that Brandstadt is held to a "less stringent" standard as a pro se litigant, the Magistrate Judge did not err in considering his factual allegations regarding Pepin's workplace conduct.

7X next argues that Brandstadt's allegations amount to a mere employment dispute. Docket No. 143 at 4–8. As the Magistrate Judge acknowledged in her Report, the Texas Supreme Court has declined to recognize intentional infliction of emotional distress claims for "ordinary employment disputes." *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 611 (Tex. 2002) (compiling cases). For

3

example, in *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, (Tex. 2004), the court held that evidence of insensitive jokes, unfair performance reviews, and failure to report an employee's sexual harassment concerns did not amount to "extreme and outrageous conduct." But in *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 613–14 (Tex. 1999), the court held that the defendant's conduct was extreme and outrageous and was outside the scope of an ordinary employment dispute when he, over a period of two years, "engaged in a pattern of grossly abusive, threatening, and degrading conduct," including "repeatedly physically and verbally threaten[ing] and terroriz[ing]" employees. Here, although the Court recognizes the high burden set forth in *Bruce* and its progeny, Brandstadt's allegations—particularly his allegations that Pepin cut off the utilities to his home—"bring[] the dispute outside the scope of an ordinary employment dispute and into the realm of extreme and outrageous conduct." *Id*. at 613.

7X next argues that Brandstadt's allegation that "Pepin cut[] off Brandstadt's utilities to the house where he and his family resided with their animals, attempting to euthanize or run Brandstadt away" is both conclusory and plainly implausible. Docket No. 143 at 4. Courts may dismiss an action that fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the standard articulated under *Twombly* "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). And a well-

4

pleaded claim "may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." *Twombly*, 550 U.S. at 556. While Brandstadt may not ultimately prevail on his claim, he has alleged sufficient facts to nudge his claim "across the line from conceivable to plausible," especially considering the lighter burden placed on pro se pleadings. *Twombly*, 550 U.S. at 547; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Finally, 7X objects to the Magistrate Judge's finding that Brandstadt sufficiently alleged he experienced severe emotional distress. Docket No. 143 at 8. 7X is correct that Brandstadt must allege facts beyond the conclusory statement that it caused him "severe emotional distress." *See Vera v. Mulet*, 2005 WL 8164063, at *10 (S.D. Tex. May 11, 2005) ("Given the high standard for 'severe' distress under Texas law, the pleading must do more than recite the term, without supporting factual allegations, to state a claim."); *Yadav v. Frost Bank*, 2020 WL 2733955, at *4 (W.D. Tex. May 26, 2020) (holding that allegations that "plaintiff has severely suffered for more than one year and will be suffering for the rest of his life" and that defendant caused plaintiff "extreme emotional distress" were insufficient to state a claim under Rule 12(b)(6)). But here, Brandstadt has pleaded facts to support his claim that he suffered from severe emotional distress by alleging that 7X caused him agony, extreme mental anguish, and physical manifestations and illness. *See Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 982 (N.D. Tex. 2011) (denying motion to dismiss IIED claim because the plaintiff pleaded sufficient facts to support her

5

allegation that she was "mentally, emotionally, and physically damaged and distraught" by the defendant's actions).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct and that Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 142) as the findings of the District Court.  7X's Motion to Dismiss Brandstadt's counterclaims is **GRANTED** in part and **DENIED** in part.  Specifically, 7X's motion to dismiss is **GRANTED** as to Brandstadt's counterclaims for defamation, tortious interference, and hostile work environment/wrongful termination.  These counterclaims are **DISMISSED** with prejudice and Brandstadt's request for attorneys' fees is **STRICKEN**.  7X's motion to dismiss is **DENIED** as to Brandstadt's counterclaim for intentional infliction of emotional distress.

So **ORDERED** and **SIGNED** this **26th** day of **August, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE